1

2

3

4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 27, 2021

SEAN F. McAVOY, CLERK

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

| | |
|---|---|
| ALEX G.,<br><br>                    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>                    Defendant. | NO:  1:21-CV-03007-LRS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

13

14      BEFORE THE COURT are the parties' cross-motions for summary

15   judgment.  ECF Nos. 12, 13.  This matter was submitted for consideration without

16

17      [1]Kilolo Kijakazi became the Acting Commissioner of Social Security on

18   July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure,

19   Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit.  No

20   further action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

21

ORDER ~ 1

oral argument.  Plaintiff is represented by attorney D. James Tree.  Defendant is represented by Special Assistant United States Attorney Jeffrey E. Staples.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 12, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 13, and **REMANDS** the case for to the Commissioner for additional proceedings.

## JURISDICTION

Plaintiff Alex G.[2] filed an application for Supplemental Security Income (SSI) on March 23, 2010, Tr. 66, alleging disability since birth, Tr. 226, due to depression, attention deficit hyperactive disorder (ADHD), insomnia, and pain in the lower part of his body, Tr. 255.  Benefits were denied initially, Tr. 89-92, and upon reconsideration, Tr. 98-104.  A hearing before an Administrative Law Judge (ALJ) was conducted on April 8, 2014.  Tr. 32-65.  Plaintiff was represented by counsel and testified at the hearing.  *Id*.  The ALJ also took the testimony of vocational expert Kimberly S. Mullinax.  *Id*.  The ALJ denied benefits on May 14, 2014.  Tr. 15-31.  The Appeals Council denied Plaintiff's request for review on

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

November 10, 2015.  Tr. 1-6.  Plaintiff requested judicial review of the ALJ's decision by this Court on January 8, 2017.  Tr. 532.  This Court remanded the case back to the Commissioner for additional proceedings.  Tr. 502-29.

A second ALJ hearing was held on July 17, 2017.  Tr. 443-72.  Plaintiff was represented by counsel and testified at the hearing.  *Id*.  The ALJ also took the testimony of Plaintiff's mother and vocational expert Kimberly Mullinax.  *Id*.  Plaintiff amended his alleged onset date to March 23, 2010.  Tr. 445-46.  The ALJ entered an unfavorable decision on December 21, 2017.  Tr. 426-37.  The Appeals Council did not assume jurisdiction in the period prescribed under 20 C.F.R. § 416.1484(a).  Therefore, Plaintiff requested judicial review of the ALJ's decision before this Court on March 1, 2018.  Tr. 805.  This Court remanded the case back to the Commissioner for additional proceedings.  Tr. 812-43.

A third ALJ hearing was held on September 30, 2020, before ALJ M.J. Adams.  Tr. 775-803.  Plaintiff was represented by counsel and testified at the hearing.  *Id*.  The ALJ also took the testimony of vocational expert Steven Floyd. *Id*.  The ALJ entered an unfavorable decision on October 21, 2020.  Tr. 756-67. The Appeals Council did not assume jurisdiction under 20 C.F.R. § 416.1484(a). Therefore, the ALJ's decision became in the final decision of the Commissioner. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g).  ECF No. 1.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and

transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 21 years old at the amended date of onset. Tr. 226. The highest grade Plaintiff completed was the ninth in 2002. Tr. 256. Plaintiff's reported work history includes jobs as assembler, box maker, and computer intern. Tr. 256. At application, Plaintiff alleged that he stopped working on June 27, 2010, because of his conditions, stating "because of my condition, depression and anxiety, and ADH [sic] I was constantly being told to hurry up and the more they told me the more I felt like I was going crazy and messed up more." Tr. 255.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by  42 U.S.C. §§ 405(g), 1383(c).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  See 20 C.F.R. §

416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

gainful activity," the Commissioner must find that the claimant is not disabled.  20

C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

"any impairment or combination of impairments which significantly limits [her]

physical or mental ability to do basic work activities," the analysis proceeds to step

three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this

severity threshold, however, the Commissioner must find that the claimant is not

disabled.  20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to

severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §

416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and

award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the

severity of the enumerated impairments, the Commissioner must pause to assess

ORDER ~ 6

the claimant's "residual functional capacity."  Residual functional capacity

("RFC"), defined generally as the claimant's ability to perform physical and

mental work activities on a sustained basis despite his or her limitations, 20 C.F.R.

§ 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing work that he or she has performed in

the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

capable of performing past relevant work, the Commissioner must find that the

claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing other work in the national economy.

20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

must also consider vocational factors such as the claimant's age, education, and

past work experience.  20 C.F.R. § 416.920(a)(4)(v).  If the claimant is capable of

adjusting to other work, the Commissioner must find that the claimant is not

disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to

other work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits.  20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four.  *Tackett v.*

*Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five,

the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 23, 2010, the date of application. Tr. 758. At step two, the ALJ found that Plaintiff has the following severe impairments: borderline intellectual functioning and ADHD. Tr. 758. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 759. The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations:

> he can understand, remember and carry out simple instructions; he can exercise simple workplace judgment; he can perform work that is learned on the job in less than 30 days by short demonstration and practice or repetition; he can respond appropriately to supervision and he can have occasional superficial interaction with coworkers; he can deal with occasional changes in the work environment; and he can do work that requires no interaction with the general public to perform the work tasks, but this does no[t] preclude working in an environment where the public is present.

Tr. 761-62. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 766. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the

national economy that Plaintiff could perform, including hand packer, kitchen helper, and marker.  Tr. 766.  On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act from March 23, 2010, through the date of decision.  Tr. 767.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying his SSI benefits under Title XVI of the Social Security Act.  ECF No. 13.  Plaintiff raises the following issues for this Court's review:

1.    Whether the ALJ made a proper step two determination;

2.    Whether the ALJ properly evaluated the medical opinion evidence;

3.    Whether the ALJ properly addressed Plaintiff's symptom statements; and

3.    Whether the ALJ made proper determinations at steps four and five.

## DISCUSSION

**1.    Step Two**

Plaintiff challenges the ALJ's step two determination by asserting that the ALJ failed to account for his depressive disorder, anxiety disorder, social anxiety disorder, or panic disorder.  ECF No. 12 at 19-21.

To show a severe impairment, the claimant must first establish the existence of a medically determinable impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the

existence of an impairment.  20 C.F.R. § 416.921.  "[O]nce a claimant has shown that he suffers from a medically determinable impairment, he next has the burden of proving that these impairments and their symptoms affect his ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001).  At step two, the burden of proof is squarely on the Plaintiff to establish the existence of any medically determinable impairment(s) and that such impairments(s) are severe.  *Tackett*, 180 F.3d at 1098-99 (In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.).

Here, Plaintiff argues that he already met this burden in regards depression and anxiety because the ALJ in the 2017 decision found these impairments severe at step two.  ECF No. 12 at 20-21 *citing* Tr. 429 (finding depressive disorder and anxiety disorder severe at step two).  Furthermore, he asserts that the two psychological evaluations performed since the 2017 ALJ decision further support these impairments as severe.  *Id*. *citing* Tr. 937, 943.

The 2014 ALJ decision and the 2017 ALJ decision found Plaintiff's depressive disorder and anxiety disorder (post-traumatic stress disorder/panic disorder) were severe at step two.  Tr. 20, 429.  In both Orders entered by this Court remanding the case to the Commissioner, the step two determination was undisturbed.  Tr. 502-29, 812-43.  Therefore, the Court must consider whether the ALJ violated the rule of mandate by making a new step two determination that

differed drastically from the prior two step two determinations.

The rule of mandate dictates that any district court that has "received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). The Ninth Circuit has held that the rule of mandate applies to Social Security administrative remands from a federal district court in the same way they would apply in any other case. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Reversal is required under these doctrines where the ALJ's decision fails to comply with, or is otherwise inconsistent, with the "letter and the spirit" of the District Court's remand order. *Ischay v. Barnhart*, 383 F.Supp.2d 1199, 1214 (C.D. Cal. 2005); *see also Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (holding that "deviation from the [District] [C]ourt's remand order in . . . subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review").

Here, this Court's previous Order stated the following: "On remand, the ALJ shall obtain a consultative evaluation for an updated psychological opinion. After developing the record, the ALJ should make new findings, if appropriate." Tr. 843. The ALJ sent Plaintiff out for two psychological evaluations from Dr. Schultz and Dr. Billings. Tr. 934-44. Dr. Schultz found that Plaintiff met the criteria for major depressive disorder, moderate, recurrent with anxious presentation. Tr. 937. Dr. Billings found that Plaintiff met the diagnostic criteria

for panic disorder and social anxiety disorder.  Tr. 943.  The ALJ then made a new

step two determination in which she failed to discuss depression or anxiety.  Tr.

758-59.  The Court acknowledges that its previous order allowed the ALJ to "make

new findings, if appropriate."  However, they psychological evaluations did not

render the previous evidence of depression and anxiety unreliable and nothing in

the Order instructed the ALJ to make a new step two determination.  Therefore, in

so much as ignoring two impairments is inconsistent with the spirit of the Order

directing Plaintiff to develop the record, the ALJ violated the rule of mandate.

Defendant does not challenge the ALJ's assertion that depression and

anxiety should have been found to be severe impairments at step two, but argues

that there could be no harmful error because the ALJ resolved step two in the

Plaintiff's favor and considered these impairments in assessing his RFC.  ECF No.

13 at 4-5.  However, error exists in violating the rule of mandate.  Furthermore,

these impairments were not considered at step three.  While the ALJ's step three

determination included an evaluation of the paragraph B criteria of the 12.00

Mental Health Listings that would also be assessed under Listings 12.04

Depressive, bipolar and related disorders and 12.06 Anxiety and obsessive-

compulsive disorders, it did not address these listings specifically.   Therefore, the

paragraph C criteria of these listings went unaddressed.

Therefore, this case is remanded.  The ALJ will find depression and anxiety

as severe impairments at step two at least through the December 21, 2017 ALJ

decision.  Should the ALJ determine that depression and anxiety were no longer severe following the December 21, 2017 ALJ decision, she must provide an explanation for her determination at step two.

**2.    Medical Opinion Evidence**

Plaintiff challenges the ALJ's rejection of the medical opinions from Dr. Billings and Dr. Schultz.  ECF No. 12 at 4-12.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician's opinion.  *Id.*

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).  The specific and legitimate standard

can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

A.     **Emma Joan H. Billings, Ph.D.**

On January 27, 2020, Dr. Billings completed an Intellectual Psychological Assessment. Tr. 938-44. Dr. Billings stated that "[i]t was necessary to repeat directions to [Plaintiff] throughout the testing. In addition, he appeared to have difficulty with comprehension and needed additional explanation." Tr. 944. She stated that "[h]is changing moods including both manic and depression symptoms are likely to be a barrier for his regular attendance in any job." *Id*. She also included the following paragraph in her medical source statement:

> Alex appears to have a borderline level of intellectual ability. He will likely have difficulty in reading and understanding complex directions. He needed repetition to follow the two and three step directions given him on this date. In addition, his difficulty with attention and focus has been a barrier for him to maintain employment in the past. That is likely to continue in the future unless he can receive and tolerate appropriate treatment for ADHD.

Tr. 944. The ALJ gave this opinion "greater weight" than the opinion of Dr. Schultz. Tr. 765. However, the ALJ did not include any limitations with attendance, attention, or focus in the RFC determination and did not provide a

legally sufficient reason for rejecting these opined limitations. Social Security Ruling (S.S.R.) 96-8p states that the RFC assessment "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Here, the ALJ did not address the need for additional explanations or difficulty with attendance. Since these were not specifically addressed and not included in the RFC determination, the ALJ erred.

The ALJ did address Plaintiff's mood, stating "[d]espite reports of issues with mood, mental status exams during medical visits show stable mental health." Tr. 765. However, in doing so, the ALJ failed to point to a single mental status exam that supported this finding. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes*, 881 F.2d at 751. Therefore, the ALJ erred. On remand, the ALJ will further address Dr. Billings' opinion.

**B.   Jenifer Schultz, Ph.D.**

On October 15, 2019, Dr. Schultz completed a Mental Evaluation. Tr. 934-37. Dr. Schultz provided the following functional assessment:

> [Plaintiff's] ability to reason and understand are poor. His memory is grossly intact. His concentration is limited based upon his inability to do serial sevens or three and that he lost focus at times during the assessment. He reported he does not finish his tasks, indicating he is not persistent. He has no social interaction. His social, occupational

and daily living skills adaptation is poor. [Plaintiff's] cognitive and emotional difficulties will have a moderate to severe impact on his ability to work.

Tr. 937. The ALJ gave the opinion little weight. Tr. 765. However, this opinion is consistent with that of Dr. Billings. Therefore, the ALJ will also readdress it on remand.

**2.    Plaintiff's Symptom Statements**

Plaintiff challenges the ALJ's treatment of his symptom statements. ECF No. 13 at 2-5.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834.

In 2019, this Court found that the ALJ erred in the treatment of Plaintiff's symptom statements, but these errors were harmless and the ALJ had provided some specific, clear and convincing reasons for rejecting Plaintiff's symptom statements. Tr. 838-42. This Court did instruct the ALJ to remedy these harmless errors on remand. Tr. 843. While Plaintiff alleges that the ALJ failed to properly remedy these errors in the 2020 decision, ECF No. 12-14, the errors were deemed harmless.

Therefore, the ALJ's failure to remedy these harmless errors is not sufficient to overturn this Court's 2019 determination that the ALJ provided specific, clear and convincing reasons for rejecting Plaintiff's symptom statements in the December 21, 2017 ALJ decision. Therefore, this Court is limited to assessing the ALJ's treatment of Plaintiff's symptom statements following the December 21, 2017 ALJ decision.

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 762. The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to readdress the medical opinions in the file after the December 21, 2017 ALJ decision, a new assessment of Plaintiff's subjective symptom statements after the December 21, 2017 ALJ decision will be necessary.

**4.    Lay Witness**

Plaintiff challenges the ALJ's treatment of his mother's testimony. ECF No. 12 at 18-19.

Plaintiff's mother, Maricella, testified at the July 17, 2017, hearing. Tr. 462-64. She stated that she saw Plaintiff every day, witnessed his panic attacks and depressed mood, and received daily phone calls from Plaintiff while at work complaining of depression symptoms. *Id.* On December 21, 2017, the ALJ assigned

the testimony little weight. Tr. 435. First, the ALJ referred to her by the incorrect name. *Id*. Then, the ALJ found that her descriptions were not entirely supported by the evidence: "For example, there is little to no documentation of observed panic attacks in the records. The claimant also did not provide detailed descriptions of panic attacks during appointments. His treatment record also did not describe him as particularly depressed. Rather, his depression was characterized as being in partial remission." Tr. 436. In the Order remanding this case back to the Commissioner, this Court found these were not legally sufficient reasons for rejecting the testimony. Tr. 830-32. First, the panic attacks were episodic. Therefore, just because Plaintiff never had a panic attack during an appointment the testimony was not rendered unreliable. Tr. 831. Second, this Court found that Plaintiff's depression being in partial remission is the same as finding that the record did not describe Plaintiff as particularly depression and was not a distinct reason for rejecting the testimony. Tr. 831.

Upon remand, the ALJ readdressed the testimony and assigned it little weight. Tr. 795. First, the ALJ again used the incorrect name. *Id*. Second, the ALJ provided the following reasons for rejecting the testimony without a single citation to the record:

> Her description of the claimant as being completely incapacitating [sic] by his conditions is out of proportion to the longitudinal evidence documented above, including his longitudinal treatment history, his performance [on] mental status examinations, and his independent daily activities. Mental status exams show appropriate mood and

affect.  He has some anxiety and reports panic attacks.  However, he admits his anxiety improved with work activity.  He associates his panic attacks mostly with crowds of people.

Tr. 765.

This case is already being remanded for the ALJ to properly address the opinions of Dr. Billings and Dr. Schultz.  On remand, the ALJ will again review Maricella's testimony.  In doing so, the ALJ will ascertain the correct name of the witness instead of simply copying incorrect information from the prior ALJ determination.

## CONCLUSION

Plaintiff requests that the Court remand the case for an immediate award of benefits.  ECF No. 12.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]"  *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to

expedite disability claims." *Varney*, 859 F.2d at 1401.  But where there are

outstanding issues that must be resolved before a determination can be made, and it

is not clear from the record that the ALJ would be required to find a claimant

disabled if all the evidence were properly evaluated, remand is appropriate.  *See*

*Benecke*, 379 F.3d at 595-96; *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir.

2000).

The Court finds that further administrative proceedings are appropriate.  *See*

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014)

(remand for benefits is not appropriate when further administrative proceedings

would serve a useful purpose).  It has been over a decade since Plaintiff filed for

benefits.  It is not unreasonable that Plaintiff's impairments and their severities

have changed or fluctuated over time.  Therefore, a psychological expert is

necessary at the remand hearing to provide testimony regarding Plaintiff's RFC

throughout the extensive period the case has been pending.  In the event that the

ALJ on remand finds that Plaintiff's impairments improved, she must address the

period prior to any improvement to ascertain whether there was a twelve-month

period in which Plaintiff's RFC precluded substantial gainful activity.  First, the

ALJ will make a new step two determination that includes depression and anxiety

as severe at step two at least through December 21, 2017.  The ALJ will readdress

the opinions of Dr. Billings and Dr. Schultz.  She will address Plaintiff's symptom

statements since the December 21, 2017 ALJ decision.  She will review the

testimony from Plaintiff's mother and address it in the RFC determination.  In addition, the ALJ should supplement the record with any outstanding medical evidence and take additional testimony from a vocational expert at any remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 12, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2.  Defendant's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** October 27, 2021.

_____
LONNY R. SUKO
Senior United States District Judge